**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMIAL CASE NO. 1:13-CR-059 |
| | CIVIL CASE NO. 1:15-CV-591 |
| Plaintiff/Respondent, | Judge Michael R. Barrett |
| v. | |
| DEAN WEAVER, | |
| Defendant/Petitioner. | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner's motion to vacate under 28 U.S.C. § 2255 (Doc. 46) (the "§ 2255 motion"), Respondent's response (Doc. 56), and Petitioner's reply (Doc. 57). Petitioner's motion charges ineffective assistance of counsel in that (1) his counsel failed to file a direct appeal, and (2) his counsel failed to consult with him after he indicated a desire to appeal. For the reasons explained below, the Court finds that the § 2255 motion is untimely and will be dismissed.

**I.    BACKGROUND**

Petitioner entered a plea of guilty to distribution of child pornography under 18 U.S.C. §§ 2252(a)(2) and (b)(1) pursuant to an amended plea agreement. (Doc. 32). This Court formally accepted the plea agreement, entered final judgment pursuant thereto on April 28, 2014, and sentenced Petitioner to 192 months in prison. (Doc. 35).

On December 29, 2014, Petitioner filed a pro se notice of appeal to which are attached a hand-written letter from Petitioner to the Clerk, dated April 23, 2014 (which

1

Petitioner alleges that he mailed the day after his April 22, 2014 sentencing hearing),[1] asking that the Clerk construe this April 23, 2014 letter as a notice of appeal, and correspondence between himself and the Clerk's office during December of 2014 describing his efforts to file an appeal. (Doc. 41 and attachments thereto). Shortly thereafter, on January 12, 2015, Petitioner filed a motion to file appeal nunc pro tunc. (Doc. 42). Attached to this motion is an affidavit,[2] in which Petitioner avers: "I determined that I would initiate an appeal" and that "I fully believed my letter [of April 23, 2014] had been docketed and my appeal was proceeding accordingly." (*Id.* at PAGEID #: 120). This Court denied the motion (Doc. 44), which the Sixth Circuit affirmed—though it expressly held that its dismissal of the case was "without prejudice to any remedy [Petitioner] may have under 28 U.S.C. § 2255." (Doc. 45).

Just over four months later, on September 11, 2015, Petitioner heeded the Sixth Circuit's suggestion and filed the present § 2255 motion, which charges ineffective assistance of counsel in that (1) his trial counsel failed to file a direct appeal, and (2) his trial counsel failed to consult with him after he indicated a desire to appeal. The narrative of his motion, relative to his asserted ineffective assistance of counsel claims, is best boiled down the following assertion: "I believe my attorney, James Maus, should have known I wanted to appeal my sentence from what I told him at sentencing." (Doc. 46,

---

[1] As contrasted with Petitioner's hand-written correspondence dated December 7, 2014, the alleged April 24, 2014 correspondence reflects no "RECEIVED" stamp from the Clerk of either the U.S. District Court for the Southern District of Ohio or the Sixth Circuit. The correspondence does not comply with Fed. R. App. P. 3(c), and a notice of appeal at that juncture would have been premature, as the Court did not enter its final judgment until April 28, 2014.

[2] This Court found this affidavit to be "deficient under the rules for failure to declare that he swears under the penalty of perjury, and for failure to state that he prepaid first-class postage on the letter he claims to have placed in the jailhouse mailbox." (Doc. 44). The Court here notes that this affidavit, while deficient, contains allegations consistent with those made in the § 2255 motion, except to the extent that it makes no mention of his attorney or his expectation that his attorney was to have filed an appeal.

PAGEID #: 136). Specifically, he alleges that when the undersigned asked about whether he would appeal during the sentencing hearing, he said to his attorney: "I want to appeal, right?" (*Id.* at PAGEID #: 133). In response, he alleges that his attorney said: "It doesn't matter, you took a plea deal." (*Id.*).[3] He further alleges that, directly following the sentencing hearing, he said to his attorney: "I want to talk to you about appealing[,]" to which his attorney responded, "I don't have time to talk to you right now, I will come see you later." (*Id.*) Petitioner asserts that he took this to mean that his attorney would see him later that day; but, in fact, he had no further contact with his attorney. (*Id.* at PAGEID #: 133–34). The § 2255 motion also describes the sequence of events related to his attempts to file a pro se appeal—referring to the correspondence with the Clerk described above. Finally, the § 2255 motion describes the fact that he was presented with the amended plea agreement on the day of his sentencing hearing and was asked to sign it with "virtually no time to consider" it, which he argues would have formed the basis of his desired appeal. (*Id.* at PAGEID #: 139).

## II. STANDARD OF REVIEW

A petitioner using § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (internal quotation omitted). Such contentions must be supported by a preponderance of the evidence. *Id.*

---

[3] The transcript of the sentencing hearing (Doc. 51, PAGEID #: 247) does not reflect any such exchange.

### III. ANALYSIS

Respondent has raised the statute of limitations. The Court will therefore begin its analysis with the consideration of § 2255(f) as applied to the § 2255 motion.

#### A. Timeliness of the § 2255 motion

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, § 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). That one year runs from the latest of, as applicable here, either "(1) the date on which the judgment of conviction becomes final" or "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* It is Petitioner's burden to demonstrate his due diligence. *Moore v. United States*, 438 Fed. Appx. 445, 447 (6th Cir. 2011) (citation omitted). The court in *Moore* also considered a case in which a defendant charged that his counsel was ineffective for failing to appeal his sentence and held that the relevant determination with respect to § 2255(f)(4) is "'when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed.'" *Id.* (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)).

Before initiating its analysis, the Court summarizes the relevant timeline. Petitioner was sentenced on April 22, 2014, which he also alleges was his final instance of contact with his attorney. The Court entered its final judgment April 28, 2014. Approximately four months passed between the deadline to appeal this judgment and September 11, 2014, which is the date one year prior to the pending § 2255 motion. Between seven and eight months following the final judgment, Petitioner followed up with the Court regarding his appeal and learned, via a December 16, 2014 correspondence from the Clerk, that there

was no appeal of record. Over the next several months, Petitioner sought to file an appeal nunc pro tunc—ending with the Sixth Circuit's order dismissing the appeal on May 7, 2015. Approximately four months later, on September 11, 2015, Petitioner filed his § 2255 motion.

Petitioner admits that he has missed his filing deadline to the extent that it is tied to the finality of his conviction under § 2255(f)(1). He argues instead that, under § 2255(f)(4), a duly diligent person in Petitioner's circumstances would not have discovered that no appeal was filed until December 16, 2014 (the date on which he received a letter from the Clerk confirming that there was no appeal of record)—making his § 2255 motion filed within a year of that date timely. The judgment in issue would have been final fourteen days following the April 28, 2014 final judgment. Fed. R. App. P. 4(b)(1)(A)(i). Petitioner filed the § 2255 motion on September 11, 2015.[4] If due diligence dictates that Petitioner should have discovered the lack of an appeal sometime in the approximately four-month period between the final judgment and September 11, 2014 (one year prior to his § 2255 motion), then his § 2255 motion is not timely under § 2255(f)(4). Petitioner's subsequent delay in *actually* discovering the lack of an appeal (in this case, December 16, 2014) is irrelevant; the appropriate inquiry is whether the § 2255 motion was filed within one year of "when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims*, 225 F.3d at 190 (2d Cir. 2000).

Considering that it is Petitioner's burden to demonstrate due diligence, we turn to the record. On one hand, Petitioner sought to remedy lack of timely appeal through his motion to file appeal nunc pro tunc on January 12, 2015 before initiating the present

---

[4] Absent evidence to the contrary, the Court assumes that Petitioner's § 2255 motion was filed the date he signed it. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

proceedings. In *Moore*, also analyzing due diligence under § 2255(f)(4), the Sixth Circuit contrasted the defendant's situation therein—where he presented no evidence on when he had discovered that he had no appeal pending—to another case, *Granger v. Hurt*, 90 Fed. Appx. 97, 98 (6th Cir. 2004), in which "[the state prisoner's] account was corroborated by his filing of a delayed motion for direct appeal and his attempt to appeal its denial . . . ." *Moore*, 438 Fed. Appx. at 448. But this fact has little bearing on *when* Petitioner *should have* discovered the lack of appeal, which is the operative consideration under § 2255(f)(4). For that inquiry, we turn to Petitioner's allegations in his § 2255 motion.

Taking Petitioner's allegations as true, he admittedly had questions and desired to consult with his attorney about appealing. But no reading of Petitioner's allegations fairly conjures a scenario in which Petitioner expressly *instructed* his attorney to *file* an appeal. The Court finds this distinction highly relevant to the due diligence analysis. Where a defendant expressly instructs his attorney to file an appeal, it is reasonable for the defendant to rely on the attorney to follow through on that instruction. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). It follows that, in such a case, some additional delay in diligence might be appreciated. But a desire to *consult* with counsel about appealing—even the expression of a desire to appeal—are distinguishable from an *explicit instruction* to file an appeal. *See Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (citing *Flores-Ortega* and noting that "although [defendant] expressed her desire to file an appeal, she did not specifically instruct [the attorney] to do so."). Petitioner asserts that his final communication with his attorney, on the day of his sentencing hearing, ended with a broken promise that his attorney would

6

"come to see [him] later[,]" which he understood to mean later that day. (Doc. 46, PAGEID #: 133). But Petitioner's attorney did not visit that day, or any day during the following fourteen days that he had to perfect an appeal—the fact of which he was specifically notified by the undersigned (Doc. 51, PAGEID #: 247). It is on these alleged facts that Petitioner argues that the statute of limitations should have begun in this case only upon definitively learning (via the Clerk's December 16, 2014 correspondence)—nearly eight months after his sentencing hearing and last inconclusive communication with his attorney—that an appeal had not been filed.

The Court does not agree. Petitioner's allegations, at best, confirm that he was unsure about the status of appeal from the time of his last communication with his attorney at the sentencing hearing. A duly diligent defendant in that position—unlike a defendant that had expressly instructed his attorney to file an appeal—would not have waited approximately four months (let alone seven to eight) before following up. Petitioner does not allege problems with access to mail or communication. He simply alleges that "[he] had not heard anything from the attorney or the court about my appeal so I believed it was progressing through the court's system." (Doc. 46, PAGEID #: 148). This does not demonstrate due diligence. *See Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .").[5] Petitioner contends that "the law places no burden or

---

[5] The Court acknowledges that the Sixth Circuit, in adopting the reasoning of the Second Circuit decision in *Wims*, contemplates possible consideration of "the realities of the prison system" as part of the due diligence analysis. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). But Petitioner has not alleged specific (or even generalized) impediments to his ability to monitor his case or communicate with his attorney related to his confinement. In that case, the Court declines to speculate on any such "realities'" effect in this particular case.

7

responsibility on a criminal defendant who indicates to his attorney a desire to appeal to do anything but expect his attorney will do so." (*Id.* at PAGEID #: 164). But that is not the law upon consideration of *Flores-Ortega* and *Regalado*.

Moreover, the Court finds that Petitioner's own statements in his § 2255 motion and accompanying proffered evidence undercut his other allegations therein regarding his belief that his attorney had filed the appeal. First, in the § 2255 motion, he admits that he "became concerned about [his] appeal rights" as early as April 23, 2014—the day after his sentencing hearing. (*Id.* at PAGEID #: 134). Second, his correspondence with the Clerk refers only to his personal efforts to secure an appeal and makes no mention of any expectation that his counsel would file (or had already filed) an appeal. (*Id.* at PAGEID #: 179–180, 182).

Taken together, the § 2255 motion and the record do not satisfy Petitioner's burden to show that due diligence would have led him to discover the appeal only on or after September 11, 2014. The Court acknowledges that the point in time at which a duly diligent defendant would discover the lack of appeal defies a hard and fast rule. *See Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011) ("No rule of thumb emerges from the cases on how long prisoners may take to discover their lawyers' missteps, and we hesitate to pick a magic number."). *Cf. Granger v. Hurt*, 90 Fed. Appx. 97, 100 (6th Cir. 2004) (considering the analogous statute of limitations provision under § 2244(d)(1)(D) and finding a two-month delay in discovering the lack of an appeal was reasonable, where defendant believed that his family's instruction to his attorney to file an appeal had resulted in the filing of an appeal); *Anjulo-Lopez v. United States*, 541 F.3d 814, 815–19 (8th Cir. 2008) (three-month delay in discovering the lack of an appeal was

unreasonable, despite generalized allegations regarding defendant's communication problems while incarcerated, where defendant believed that his attorney had filed an appeal); *Montenegro v. United States*, 248 F.3d 585, 588–89, 593 (7th Cir. 2001) (ten-month delay in discovering the lack of appeal was unreasonable, even where defendant alleged his explicit instruction to his attorney to file an appeal, where defendant had access to his updated docket sheet in the interim), *overruled on other grounds by Ashley v. U.S.*, 266 F.3d 671, 675 (7th Cir. 2001); *Wims*, 225 F.3d at 188, 190–91 (2d Cir. 2000) (five-month delay in discovering the lack of an appeal was not "clearly unreasonable" where defendant and his attorney had a consultation in which he told his attorney that an appeal was "worth pursuing").  The Court further acknowledges that § 2255(f)(4) "'does not require the maximum feasible diligence, only due, or reasonable, diligence.'" *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *DiCenzi*, 452 F.3d at 470).  Nevertheless, reasonable diligence based on the facts as Petitioner has alleged would have resulted in discovery of the lack of an appeal well before September 11, 2014.  The Court finds, accordingly, that the § 2255 motion is time-barred.

### B. An evidentiary hearing is not required

The proponent of a § 2255 motion "is entitled to 'a prompt hearing' at which the district court is to 'determine the issues and make findings of fact and conclusions of law with respect thereto.'" *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting 28 U.S.C. § 2255(b)).  The burden on the movant in demonstrating the need for an evidentiary hearing is "'relatively light.'"  *Christopher v. United States*, 605 Fed. Appx. 533, 537 (6th Cir. 2015) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)), but an evidentiary hearing may be avoided where "the record conclusively shows

9

that the petitioner is entitled to no relief." *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (internal quotation omitted). Put differently, if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact[,]" no evidentiary hearing is required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation omitted).

The Court finds that the record in this case conclusively shows that Petitioner was not reasonably diligent in his discovery of the lack of an appeal. Where the record reflects anything but certainty as to whether Petitioner's attorney would file an appeal, his failure to follow up with his attorney or verify the fact of his own alleged attempt at an appeal prior to September 11, 2014—the date one year prior to the present § 2255 motion and approximately four months after his judgment of conviction was final—is patently unreasonable. *See Anjulo-Lopez*, 541 F.3d at 819 ("That an appeal had not been filed was a matter of public record."); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) (considering the analogous statute of limitations provision under § 2244(d)(1)(D): "[T]he lack of a [§ 2254] petition was a matter of public record, which reasonable diligence could have unearthed."). Petitioner alleges no impediments to communication or inability to access to public records, and there is no reason to think that more reasonably prompt action on his part would not have led to his discovery of the lack of an appeal anytime after the 14-day period (of which he was duly advised at the sentencing hearing) had lapsed. Instead, Petitioner remained inactive based on his mistaken and unreasonable belief that having "not heard anything from the attorney or the court about my appeal . . . it was progressing through the court's system." (Doc. 46, PAGEID #: 148). While the

10

question of due diligence could, in theory, warrant an evidentiary hearing, it is not warranted in this case. See *Anjulo-Lopez*, 541 F.3d at 817–18.

## IV. CONCLUSION

For the reasons set forth herein, the Court determines that the statute of limitations set forth in § 2255(f)(4) is unavailable to Petitioner. Upon due consideration of the § 2255 motion and the record, this conclusion does not require further evidentiary development. Given that it is otherwise untimely under § 2255(f), the § 2255 motion (Doc. 46) is hereby **DENIED** as barred by the statute of limitations**.**

The Court will not issue a certificate of appealability. See Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a). Petitioner's dismissal based on statute of limitation grounds is not "debatable among reasonable jurists," subject to being "resolved differently on appeal[,]" or "adequate to deserve encouragement to proceed further." *Poandl v. United States*, No. 1:12-cr-00119-1 (1:16-vc-00286), 2017 WL 1247791, at *17 (S.D. Ohio April 5, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 7 N.4 (1983))). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C.A. § 2253(c) and Fed. R. App. 22(b)).

**IT IS SO ORDERED**.

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

11